IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| ABNER CRISTOFER ROMERO LOPEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | 1:26-cv-939 (AJT-WBP) |
| TODD BLANCHE,[1] *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**<u>ORDER</u>**

Before the Court is Abner Cristofer Romero Lopez's ("Petitioner") Amended Petition for Writ of Habeas Corpus ("Petition"), filed on April 7, 2026.

Petitioner is a native and citizen of Guatemala, who entered the United States without inspection by crossing the U.S.–Mexico border. [Doc. No. 1] ¶¶ 13–14. Petitioner resides in Virginia. *Id.* ¶ 16. On April 5, 2026, Petitioner was arrested by ICE agents and eventually taken to Farmville Detention Center, where he remains detained without the opportunity to post bond due to the Government's mandatory detention policy. *Id.* ¶¶ 6, 16, 31.

On April 13, 2026, in response to a Court order, Respondents submitted that the factual and legal issues presented in the Petition do not differ in any material fashion from those presented in *Hernandez v. Crawford,* No. 1:25-CV-01565-AJT-WBP, 2025 WL 2940702 (E.D. Va. Oct. 16, 2025), or the other opinions of this Court cited therein. [Doc. No. 5]. In light of the foregoing, the Court determines, as it did in *Hernandez*, that Petitioner's detention is governed by section 1226(a)'s discretionary framework, not section 1225(b)'s mandatory detention procedures, and under section 1226(a) and its implementing regulations, Petitioner is entitled to a bond hearing

---

[1] Acting Attorney General Todd Blanche has automatically replaced his predecessor under Federal Rule of Civil Procedure 25(d).

before an Immigration Judge. Accordingly, the Petition is **GRANTED**, and it is hereby

**ORDERED** that Respondents provide Petitioner with a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven days of the date of this Order; and it is further

**ORDERED** that if Petitioner is granted bond by an Immigration Judge, Respondents are ENJOINED from denying bond to Petitioner, or from invoking the automatic stay provision pursuant to 8 C.F.R. § 1003.19(i)(2); and it is further

**ORDERED** that Respondents file a status report with this Court within three days of the bond hearing, stating whether Petitioner has been granted bond and, if his request for bond was denied, the reasons for that denial.

The Clerk is directed to send copies of this Order to all counsel of record, and to terminate the case.

Alexandria, Virginia
April 13, 2026

Anthony J. Trenga
Senior United States District Judge

2