IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ABNER CRISTOFER ROMERO LOPEZ,     )
        )
    Petitioner,     )
        )
    v.     )
        )    1:26-cv-939 (AJT-WBP)
TODD BLANCHE,[1] *et al.*,     )
        )
    Respondents.     )

## ORDER

Before the Court is Petitioner Abner Cristofer Romero Lopez's Motion to Enforce Court Order, [Doc. No. 8], (the "Motion") in which Petitioner challenges the Immigration Judge's finding that Petitioner remains subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E)(ii) (the "Laken Riley Act") and the constitutional adequacy of the bond hearing he received pursuant to the Court's Order dated April 13, 2026, [Doc. No. 6]. Upon consideration of the Motion, the memoranda in opposition thereto, [Doc. No. 11], the audio recording of Petitioner's bond hearing and for the reasons stated herein, the Court concludes that Petitioner did not receive a constitutionally compliant bond hearing. Accordingly, the Motion is GRANTED and the Respondents are ordered to either release Petitioner or conduct an individualized bond hearing consistent with this Order.

Petitioner is a native and citizen of Guatemala, who entered the United States without inspection by crossing the U.S.–Mexico border. [Doc. No. 1] ¶¶ 13–14. On April 5, 2026, Petitioner was arrested by ICE agents and eventually taken to Farmville Detention Center. *Id.* ¶¶

---

[1] Acting Attorney General Todd Blanche has automatically replaced his predecessor under Federal Rule of Civil Procedure 25(d).

6, 16, 31. By Order dated April 13, 2026, the Court determined that Petitioner's ongoing detention pursuant to 8 U.S.C. § 1225(b)(2) violates the INA and the Fifth Amendment of the Constitution and ordered that Respondents provide Petitioner with a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a). [Doc. No. 6]. On April 21, Respondents filed a status report stating that an Immigration Judge denied Petitioner bond based on the Laken Riley Act, *see* 8 U.S.C. § 1226(c), or in the alternative, a finding that Petitioner is as a flight risk. [Doc. No. 7].

Thereafter, Petitioner filed the present Motion arguing that the Immigration Judge's ruling was based on a flawed interpretation of the Laken Riley Act and entirely disregarded the evidence Petitioner submitted to counter any finding of a flight risk. In opposition, the Respondents contend that the Court lacks jurisdiction to review the Immigration Judge's bond decision under 8 U.S.C. § 1226(e) and 8 U.S.C. § 1252(a)(2)(B)(ii) and that Petitioner was properly denied bond as a flight risk. [Doc. No. 11].

As reflected in the recording of the bond hearing, the Immigration Judge determined that Petitioner is subject to mandatory detention under the Laken Riley Act based on his conviction for trespassing. The Immigration Judge, in the alternative, denied bond as a flight risk based on (1) Petitioner's illegal entry into the country in 2020; (2) a lack of evidence of Petitioner's fixed address in Virginia; (3) a lack of evidence of work history; and (4) no connections to a U.S. citizen or lawful permanent resident other than his brother-in-law in Georgia. Based on these considerations, the Immigration Judge concluded that Petitioner's history of filing taxes and involvement with his church were insufficient to overcome a finding of flight risk.

The Court concludes, as it did in *Mendez Trigueros v. Guadian*, that it retains jurisdiction under 8 U.S.C. § 1226(e) and 8 U.S.C. § 1252(a)(2)(B)(ii) to review whether Respondents provided Petitioner with a constitutionally compliant bond hearing. Order at 3–4, *Mendez*

2

*Trigueros v. Guadian*, No. 1:26-cv-205, (E.D. Va. Feb. 18, 2026), Dkt. No. 13 (rejecting government's argument that Sections 1226(e) and 1252(a)(2)(B) strips the Court of jurisdiction to review whether the Immigration Judge's denial of bond to the Petitioner because he is a flight risk based solely on the denial of his application for cancellation of removal proceedings complies with constitutional due process requirements).

As to the merits, the Court agrees that Petitioner is not subject to mandatory detention under the Laken Riley Act, which mandates detention for an individual that "is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts" constituting burglary, theft, larceny, shoplifting, assaulting a police officer, or crimes that result in death or serious bodily injury. 8 U.S.C. § 1226(c)(1)(E)(ii). Petitioner was charged with shoplifting under Code of Virginia Section 18.2-103, and three other counts of petit larceny, but after pleading guilty to an amended charge of trespassing, was convicted of trespassing on February 23, 2026, with the remaining charges dismissed *nolle prosequi*. As this Court has previously determined, the "plain language" of 8 U.S.C. § 1226(c)(1)(E), which uses the present tense in mandating detention for a noncitizen that "is charged with" one of the enumerated crimes, "makes clear that detention is not mandatory if the criminal charges have been dismissed." *Aguilar Lares v. Bondi, et al.*, 1:25-cv-1562, (E.D. Va. Oct. 29, 2025), Dkt. No. 18 ("Had Congress intended to make detention mandatory for anyone who was charged with larceny, it certainly knew how."). Because the charges for larceny against Petitioner have been dismissed, they are no longer pending and it is not accurate to say that he "is charged with" or "is arrested for" petit larceny. Therefore, § 1226(c)(1)(E) does not mandate that Petitioner be detained without having been afforded a bond hearing.

As to the Immigration Judge's denial of bond based on his determination that Petitioner is a flight risk, the Court holds that Petitioner failed to receive a constitutionally compliant bond

3

hearing, consistent with the factors the Fourth Circuit laid out in *Miranda v. Garland*, where it recognized as useful "guidance" the following non-exclusive factors that the BIA had recognized in *In re Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006) "in determining whether bond is warranted and under what conditions" to ensure "substantial process":

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

*Miranda v. Garland*, 34 F.4th 338, 362 n.10 (4th Cir. 2022) (citing *In re Guerra*, 24 I. & N. Dec. at 40).

Underlying all of these considerations is the clear evidentiary connection these considerations have to whether or not the Petitioner is a danger to the community or a flight risk; and in assessing whether a bond hearing is constitutionally compliant, the Court must assess whether the considerations relied upon to determine whether bond is warranted has a similar evidentiary connection to the determining criteria of danger to the community or flight risk and are therefore constitutionally "reasonable." *In re Guerra*, 24 I. & N. Dec. at 40.

In support of his decision to deny bond based on Petitioner's purported flight risk, the Immigration Judge relied on multiple considerations that are not mentioned in *In Re Guerra*, some of which have no clear evidentiary relationship to Petitioner's being a flight risk, including *inter alia* the fact that he entered the country illegally, had not sought immigration relief, and that he lacked lawful work history, all of which are inextricably related to Petitioner's unlawful status that has caused his detention and request for a bond hearing in the first place. The Immigration Judge

4

also discounted evidence submitted by Petitioner, including proof of a sponsor with lawful permanent residence living in Georgia, together with documented proof of payment of his taxes in 2025, letters of support from individuals based in the D.C. metro area, and evidence of Petitioner's membership and consistent attendance at his church community. It is unclear whether absent these improper considerations, bond would have been denied. In sum, the Respondents have failed to provide the Petitioner with the constitutionally reasonable bond hearing required as a matter of due process.

For the above reasons, it is hereby

**ORDERED** that the Motion is GRANTED; and it is further

**ORDERED** that within 3 days of this Order, the Respondents either release Petitioner or provide him with an individualized constitutionally compliant bond hearing before a different Immigration Judge.

The Clerk is directed to send copies of this Order to all counsel of record.

Alexandria, Virginia
May 28, 2026

/s/
Anthony J. Trenga
Senior United States District Judge

5